**FILED**

**July 31, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:37 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Anthony Long | ) | Docket No. 2015-07-0023 |
| | ) | |
| Employer: Hamilton-Ryker | ) | State File No. 2652-2015 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of July, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Anthony Long | X | X | | | | 649 Mt. Pelia Rd., Martin, TN 38237 |
| R. Dale Thomas | | | | | X | dthomas@raineykizer.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov



**FILED**

**July 31, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 9:37 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Anthony Long ) | Docket No. 2015-07-0023 |
| ) | |
| Employer: Hamilton-Ryker ) | State File No. 2652-2015 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

### Affirmed and Remanded—Filed July 31, 2015

---

## OPINION AFFIRMING AND REMANDING
## INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who alleges to have suffered a work-related hernia while lifting heavy items in a manufacturing facility. The employer denied the claim on the basis that the employee failed to meet the requirements of the hernia statute, Tennessee Code Annotated section 50-6-212 (2014). Following an expedited hearing, the trial court granted the employee's request for medical benefits but denied his request for temporary disability benefits. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

R. Dale Thomas, Jackson, Tennessee, for the employer-appellant, Hamilton-Ryker.

Anthony Long, Martin, Tennessee, employee-appellee, pro se.

1

**Factual and Procedural Background**

Anthony Long ("Employee") was employed by Hamilton-Ryker ("Employer"), a temporary agency, and was assigned to work at MTD Products, Inc. ("MTD"), a manufacturing facility located in Weakley County, Tennessee. The plant was closed on Friday, January 2, 2015, but Employee volunteered to work. Over the course of the day, he lifted and stacked hundreds of "46-inch decks" that weighed 60 to 70 pounds each.[1] Employee claims to have suffered a hernia while lifting and stacking the decks. The following morning, Saturday, January 3, 2015, Employee discovered a bulge in his left groin while bathing and experienced a "tweak" of pain the next day. He reported the bulge to his supervisor, Ray White, on January 5, 2015, and informed him that he believed the bulge was a hernia related to his work on January 2, 2015. Mr. White directed Employee to speak to Brenda Lynch, the nurse for MTD.

As instructed, Employee spoke with Ms. Lynch and informed her he had sustained the injury on January 2, 2015. Ms. Lynch told Employee that most people with hernias experience pain in their testicles. According to Employee, he did experience slight pain in his testicles.

Employee also met with Joseph Clark, Employer's representative at MTD, and completed an incident report. Mr. Clark, who testified on behalf of Employer, acknowledged that Employee reported having discovered a bulge on January 3, 2015, along with experiencing discomfort on January 4, 2015. Mr. Clark further testified that, although Employee was unsure whether his condition was work-related, he could not think of any other activity that might have caused the injury. While Employee denied being aware of a specific event that caused the hernia, Mr. Clark stated that Employee described stacking "46 inch decks" on January 2, 2015, the date of the alleged injury.

On January 6, 2015, Employee was seen by a physician, Dr. Chiniya Thapa, and reported pain and swelling in his left groin that radiated down his left thigh "after lifting heavy decks" at work on January 2, 2015. Dr. Thapa diagnosed a hernia and recommended a surgical evaluation. At a follow-up visit with Dr. Thapa on February 4, 2015, Employee asked Dr. Thapa to complete a form for "workman's compensation" and reiterated his belief that his injury had occurred at work. Dr. Thapa referred Employee to Dr. Dennis Davis for a surgical evaluation. Dr. Davis confirmed that Employee had a hernia and recommended surgery.

In a recorded statement taken by Employer on January 13, 2015, Employee described lifting hundreds of 46-inch decks that weighed 60 to 70 pounds each and stacking them on January 2, 2015, which he believed caused his hernia.[2] Employee confirmed that he noticed a

---

[1] No description of a "deck" appears in the record.

[2] No objection was made at the hearing to the introduction of the transcript of Employee's recorded statement.

bulge in his groin the following morning and stated that he experienced pain that day as well. He denied having a hernia prior to January 2, 2015.

Employee was also deposed. He testified in his deposition that he was injured on January 2, 2015 when stacking 46-inch decks and that he reported the injury on January 5, 2015. He acknowledged experiencing pain in his leg prior to January 2, 2015, which he attributed to arthritis. He testified that the pain became more intense and ran up to the location of the hernia in his left groin "during the course of doing the 46-inch decks." He also described having a "funny feeling" in his groin while stacking the decks, as well as feeling a "tweak" of pain in his left testicle on January 3 or 4, 2015. He again denied having pain at the location of the hernia prior to January 2, 2015.

Employer denied the claim on the basis that Employee's hernia did not meet the statutory requirements for a compensable hernia. After being unable to resolve the dispute through mediation, Employee filed a Request for Expedited Hearing. Following the expedited hearing, the trial court denied Employer's motion for directed verdict, which was treated as a motion for involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02(2). In addition, the trial court directed Employer to provide a panel of surgeons for evaluation and treatment of Employee's hernia, but denied Employee's request for temporary disability benefits. Employer timely appealed, and the record was submitted to the Appeals Board on July 22, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

3

## Analysis

### A.

In Tennessee, benefits may be awarded for a work-related "hernia or rupture" if:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a) (2014). The trial court, after analyzing each requirement of the statute, found that Employee presented sufficient information to satisfy the court that he would likely succeed at a trial on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2014) ("a workers' compensation judge may . . . enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits"). On appeal, Employer argues that Employee failed to meet any of the requirements of section 50-6-212(a) and, therefore, the trial court erred in ordering medical treatment. We disagree.

### *Injury resulting in hernia*

For workers' compensation purposes, injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." Tenn. Code Ann. § 50-6-102(13) (2014). For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014).

Here, the record is uncontroverted that Employee lifted and stacked hundreds of 46-inch decks that weighed 60 to 70 pounds each while at work on January 2, 2015. Further, the record is uncontroverted that Employee experienced a "funny feeling" in his groin while stacking the decks and noticed a bulge in his groin the next morning. And it is undisputed that Employee was diagnosed with a hernia a few days later. Thus, the record supports the trial court's finding that Employee suffered "an injury resulting in hernia" as required by section 50-6-212(a)(1).

### *Sudden appearance*

Employer argues that Employee's hernia did not appear "suddenly" as required by section 50-6-212(a)(2) because he did not discover the hernia until the following morning. Employer's argument is unpersuasive.

4

Under Employer's theory, an employee must become aware of the hernia the instant it occurs. However, "we would have to give [section 50-6-212(a)(2)] a very narrow construction to hold that the hernia must appear instantaneously, or at the moment of the accident." *Etter v. Blue Diamond Coal Co.*, 215 S.W.2d 803, 806 (Tenn. 1948). Contrary to Employer's position, the Tennessee Supreme Court has declared that "a hernia is 'immediate' and compensable if it appears so soon after the injury that it would not be possible to attribute it to any other cause." *Id.* Here, the trial court determined that Employee's discovery of the hernia the morning after he lifted the heavy items at work was sufficiently immediate for purposes of section 50-6-212(a)(2). We agree.

We are mindful that *Etter* was decided at a time when the Workers' Compensation Law was given a liberal construction. However, there is no indication in *Etter* that the Tennessee Supreme Court's interpretation of what is now section 50-6-212(a)(2) was in any way based upon a remedial interpretation of the law. As we have recognized before, "[r]eliance on precedent from the Tennessee Supreme Court is appropriate unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *19 n. 4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Accordingly, the trial court did not err in relying upon the Supreme Court's decision in *Etter* in resolving this issue.

## Pain

Section 50-6-212(a)(3) requires that the hernia be "accompanied by pain." While Employee acknowledged having experienced pain in his leg prior to January 2, 2015, he stated that, on the date in question, the pain became more intense and ran up to the location of the hernia in his left groin. He also described having a "funny feeling" in his groin while stacking the decks, as well as a "tweak" of pain in his testicles on January 3 or 4, 2015. He denied having pain at the location of the hernia prior to that time. In addition, during his initial visit with Dr. Thapa, he reported pain and swelling in his left groin after lifting the decks at work on January 2, 2015. Further, Mr. Clark, who testified on behalf of Employer, acknowledged that Employee reported having discovered a bulge in his groin on January 3, 2015, along with discomfort on January 4, 2015. Given these circumstances, the trial court correctly determined that Employee presented sufficient information to satisfy section 50-6-212(a)(3).

## Immediately followed the accident

Section 50-6-212(a)(4) requires the hernia to have "immediately followed the accident." The word "immediately" as used in section 50-6-212(a)(4) is not "a word of absolute significance." *Etter*, 215 S.W.2d at 806. Instead, its meaning depends upon the particular

circumstances presented and the context in which it is applied. In other words, immediately does not necessarily mean instantaneously. *Id.*

Here, Employee discovered the bulge in his groin the morning after he lifted hundreds of heavy items at work. Although Employer argues that this discovery was too late, Employer has presented no authority mandating that the hernia be discovered concomitantly with the accident. To the contrary, *Etter* puts to rest Employer's argument on this issue.

*Hernia not pre-existing*

Employee was obligated to show that his hernia "did not exist prior to the accident for which compensation is claimed." Tenn. Code Ann. § 50-6-212(a)(5). Employer correctly points out that Employee experienced discomfort in his left hip or leg prior to the date on which he alleges the hernia occurred. However, there is nothing in the record to suggest that this pain stemmed from a hernia. Indeed, Employee testified that he never had a hernia prior to this one. He stated, "[n]ever had a hernia in my life. Never." No evidence to the contrary appears in the record.[3]

We conclude that, based upon the record as it currently exists, there is sufficient evidence from which the trial court could determine that Employee would likely prevail at a hearing on the merits concerning whether he suffered a compensable hernia. In reaching this conclusion, we are mindful that an employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS at *9. Otherwise, many injured workers would be required "to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system." *Id.* at *9-10. Instead, at an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court could determine that the employee would likely prevail at a hearing on the merits. *Id.* at *9. Such is the case here. And, as noted above, there is a statutory presumption that "the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7). Having carefully considered the record, we cannot say that the evidence preponderates against the trial court's decision.

---

[3] Employer points out that a "Physician Evaluation Form" introduced as an exhibit has "NA" written on it rather than a box checked beside the words "Work Related" or "Not Work Related." Employer infers from this that the work-related nature of Employee's hernia is medically suspect. We interpret this form to mean nothing more than the doctor was not providing a causation opinion on the form, particularly since neither option provided was checked.

## B.

Employer correctly points out that Employee failed to file a supporting affidavit with his Request for Expedited Hearing as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a). This Rule provides that "[a]ll motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." This issue, however, was not raised in the trial court.

It is well-established that, apart from limited exceptions not applicable here, issues not presented to and decided by the trial court will not be considered by appellate courts. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). This rule has been described as a "cardinal principle of appellate practice." *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (Koch, J., dissenting). Consequently, when a party fails to raise an issue in the trial court, the party waives its right to raise that issue on appeal. *Id.* The rationale for the rule is that the trial court should not be held in error when it was not given an opportunity to rule on the issue or the argument being advanced on appeal. *State v. Walker*, 910 S.W.2d 381, 396 (Tenn. 1995). If the rule were otherwise, parties could forego bringing to the trial court's attention a potentially dispositive error or issue and then, if dissatisfied with the outcome, essentially ambush the trial court's decision on appeal based on the error or issue that could have been raised below. *See Gilliam v. State*, No. 03-C-01-9411-CR-00406, 1995 Tenn. Crim. App. LEXIS 351, at *7-8 (Tenn. Crim. App. Apr. 25, 1995) ("Consideration of an issue raised for the first time on appeal would be unfair to the trial court" and to the opposing party.). To avoid this untenable situation, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Indeed, in most instances, an issue raised for the first time on appeal will be deemed waived. *See, e.g., Norton v. McCaskill*, 12 S.W.3d 789, 795 (Tenn. 2000); *see also* Appeals Board Prac. & Proc. Guidelines § 5.5 ("Issues or arguments not raised in the Court of Workers' Compensation Claims will be deemed waived on appeal.").

Here, the lack of a supporting affidavit was not raised in the trial court and, consistent with established law, we decline to address it.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

Marshall L. Davidson, III
**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

8